UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ROY FLOYD,

    Plaintiff,

v.                                  Case No. 3:20cv5560-MCR-HTC

ANDALUSIA REGIONAL HOSPITAL,

    Defendant.

_____/

REPORT AND RECOMMENDATION

Plaintiff Roy Floyd, a prisoner proceeding *pro se*, initiated this action on June 12, 2020 by filing a civil rights complaint purporting to state a claim under 42 U.S.C. § 1983 (ECF Doc. 1) and a motion for leave to proceed *in forma pauperis* (ECF Doc. 2). After reviewing Plaintiff's complaint and litigation history, the undersigned recommends that Plaintiff's motion for leave to proceed *in forma pauperis* be DENIED and that this case be DISMISSED WITHOUT PREJUDICE because Plaintiff (1) failed to disclose his prior litigation history; (2) is a three-striker and, thus, is barred from proceeding *in forma pauperis*; and (3) failed to pay the requisite filing fee upon initiating this suit.

I.    **FAILURE TO DISCLOSE**

As an initial ground for dismissal, Plaintiff failed to disclose his prior litigation history as required by this Court's § 1983 complaint form for prisoner

litigants. At the end of the complaint form, Plaintiff signed his name after the following statement: "**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING STATEMENTS OF FACT, INCLUDING ALL CONTINUATION PAGES, ARE TRUE AND CORRECT.**" ECF Doc. 1 at 7 (emphasis in original). Despite that declaration, Plaintiff made several false representations on the complaint form.

Section IV of the complaint form, titled "**PREVIOUS LAWSUITS**," asks: "C. Have you initiated other actions … in either state or federal court that relate to the fact or manner of your incarceration (including habeas corpus petitions) or the conditions of your confinement (including civil rights complaints about any aspect of prison life, whether it be general circumstances or a particular episode, and whether it involved excessive force or some other wrong)?" and "D. Have you ever had any actions in federal court dismissed as frivolous, malicious, failing to state a claim, or prior to service?" ECF Doc. 1 at 4. The form requires Plaintiff to identify and describe any and all cases responsive to the questions.

Plaintiff checked "No" in response to both questions and did not identify any prior cases. *Id.* Thus, Plaintiff swore that, at the time he signed his complaint on June 11, 2020, he had not previously filed any actions in federal court related to the fact or manner of his incarceration, related to the conditions of his confinement, or that were dismissed as frivolous, malicious, failing to state a claim, or prior to

service. Plaintiff's representations to the Court, however, were not truthful or accurate.

As a matter of course, the Court attempts to make an independent investigation into whether litigants truthfully complete their complaint forms, especially when a lack of candor in informing the Court of prior lawsuits may affect the Court's jurisdiction. The time spent verifying the cases a plaintiff has filed but failed to identify, as well as the claims raised in those cases and their disposition, can be considerable. Upon such an investigation in this case, the undersigned discovered that, at the time Plaintiff signed his complaint, he had filed, under his name and Florida Department of Corrections ("FDOC") Registration Number P04055, at least the following cases, which he failed to disclose to the Court:

> *Floyd v. Bush, et al.*, 3:04cv386 (N.D. Fla.) (§ 1983 action dismissed prior to service for failure to prosecute and comply with court orders).
>
> *Floyd v. Kirkland, et al.*, 3:05cv307 (N.D. Fla.) (§ 1983 action dismissed prior to service as malicious for abuse of the judicial process for failure to disclose prior litigation history).
>
> *Floyd v. Walton Correctional Institution, et al.*, 3:17cv922 (N.D. Fla.) (§ 1983 action dismissed prior to service for failure to prosecute and comply with court orders).

Plaintiff did not disclose these federal actions despite the complaint form's clear instructions.

The Court has the authority to control and manage matters pending before it, and Plaintiff's *pro se* status does not excuse him from conforming to acceptable

Case No. 3:20cv5560-MCR-HTC

standards in approaching the Court. If the Court cannot rely on the statements or responses made by the parties, it threatens the quality of justice. The Court will not tolerate false responses or statements in any pleading or motion filed before it.

Here, Plaintiff falsely responded to questions on the complaint form, as detailed above. Plaintiff knew from reading the complaint form that disclosure of *all* prior civil cases was required. Indeed, the complaint form expressly warns prisoners: "FAILURE TO DISCLOSE **ALL** PRIOR CIVIL CASES MAY RESULT IN THE DISMISSAL OF THIS CASE." ECF Doc 1 at 3 (emphasis in original). Moreover, this is not the first time Plaintiff has had a case recommended for dismissal for failure to disclose his prior litigation history. *See* Case No. 3:05cv307. If Plaintiff suffered no penalty for his untruthful responses, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form. The Court, therefore, should not allow Plaintiff's false responses to go unpunished.

An appropriate sanction for Plaintiff's abuse of the judicial process in not providing the Court with true factual statements or responses is to dismiss this case without prejudice. *See Bratton v. Secretary, DOC*, 2012 WL 2913171 (M.D. Fla. Jul. 16, 2012) (dismissing case without prejudice where prisoner failed to disclose one (1) prior federal case that was dismissed pursuant to 28 U.S.C. § 1915(e)(2)); *Johnson v. Crawson*, 2010 WL 1380247 (N.D. Fla. Mar. 3, 2010) (dismissing case without prejudice where prisoner failed to disclose one (1) prior federal case).

Case No. 3:20cv5560-MCR-HTC

## II.     THREE-STRIKE STATUS

As an additional ground for dismissal, all three (3) of the actions Plaintiff failed to disclose qualify as strikes under 28 U.S.C. § 1915(g) and, thus, Plaintiff is barred from proceeding *in forma pauperis*. 28 U.S.C. § 1915(g) specifically provides:

> In no event shall a prisoner [proceed *in forma pauperis* in a civil action] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

A prisoner who is barred from proceeding *in forma pauperis* must pay the filing fee at the time he initiates his lawsuit, and his failure to do so warrants dismissal of his case without prejudice. *See Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the provisions of § 1915(g)" because the prisoner "must pay the filing fee at the time he initiates the suit"); *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001) (stating that, after three (3) meritless suits, a prisoner must pay the full filing fee at the time he initiates suit). The only exception is if the prisoner demonstrates that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *see also Brown v. Johnson*, 387 F.3d 1344 (11th Cir. 2004).

Case No. 3:20cv5560-MCR-HTC

### A.     Plaintiff Has Accrued At Least Three (3) Prior Strikes

In *Floyd v. Bush, et al.*, 3:04cv386, this Court dismissed Floyd's complaint for his failure to prosecute and comply with orders of the Court.  In *Floyd v. Kirkland, et al.*, 3:05cv307, this Court dismissed Floyd's complaint as malicious for abuse of the judicial process for failure to disclose his prior litigation history.  Finally, in *Floyd v. Walton Correctional Institution, et al.*, 3:17cv922, this Court again dismissed Floyd's complaint for his failure to prosecute and comply with orders of the Court.  All three (3) of these reasons for dismissal constitute strikes under § 1915(g).  *See Malautea v. Suzuki Motor Co., Ltd.*, 987 F.2d 1536, 1544 (11th Cir. 1993), *cert. denied*, 510 U.S. 863 (1993) (holding that failure to comply with court orders is an "abuse of the judicial process"); *Huffine v. United States*, 25 Cl. Ct. 462, 464 (Cl. Ct. 1992) (*pro se* litigant's refusal to comply with Court orders was an "abuse of the judicial process"); *Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir. 1998), *rev'd on other grounds* (a case dismissed for "abuse of the judicial process" counts as a strike under 28 U.S.C. § 1915(g)).  Thus, Plaintiff has accrued at least three (3) strikes under § 1915(g).

### B.     Plaintiff Is Not Under Imminent Danger of Serious Physical Injury

Because Plaintiff is a three-striker, he may not litigate this case *in forma pauperis* unless he demonstrates he is "under imminent danger of serious physical injury."  28 U.S.C. § 1915(g); *Brown, supra*.  The crux of Plaintiff's complaint is

that, in August of 2016, he told a nurse at Andalusia Regional Hospital that he was allergic to Dilodid, and the nurse nonetheless gave Plaintiff a shot containing Dilodid, which caused a spike in Plaintiff's blood pressure. ECF Doc. 1. Thus, he alleges only a single past event from several years ago, which is insufficient to demonstrate imminent danger of serious physical injury. *See Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999) ("a prisoner's allegation that he faced imminent danger sometime in the past is an insufficient basis to allow him to proceed *in forma pauperis* pursuant to the imminent danger exception to the statute"); *see also Brown*, 387 F.3d at 1349 (finding that the imminent danger exception to § 1915(g) requires "a present imminent danger, as opposed to a past danger"). Plaintiff is not entitled to proceed *in forma pauperis* under the imminent danger exception to § 1915(g).

### III.  CONCLUSION

Because Plaintiff (1) failed to disclose his prior litigation history; (2) is a three-striker; and (3) failed to pay the requisite filing fee at the time he filed this § 1983 action, this case should be dismissed.

Accordingly, it is respectfully RECOMMENDED that:

1.    Plaintiff's motion for leave to proceed *in forma pauperis* (ECF Doc. 2) be DENIED.

2. This case be DISMISSED WITHOUT PREJUDICE for Plaintiff's abuse of the judicial process and because he is a three-striker under 28 U.S.C. § 1915(g).

3. The clerk be directed to close this file.

At Pensacola, Florida, this 9th day of July, 2020.

*s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within 14 days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> A copy of objections shall be served upon the Magistrate Judge and all other parties. A party failing to object to a Magistrate Judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.